UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x

ELIZABETH FLINT                                                  CV

                              Plaintiff,

        v.                                                       **COMPLAINT**

NYU LANGONE HOSPITALS

                              Defendant.

----------------------------------------------------------------x

<u>**COMPLAINT**</u>

Plaintiff Elizabeth Flint (hereafter referred to as "plaintiff" or "Plaintiff"), by counsel, Parker Hanski LLC, as and for the Complaint in this action against Defendant NYU Langone Hospitals (hereinafter also referred to as "defendant" or "Defendant"), hereby alleges as follows:

<u>**NATURE OF THE CLAIMS**</u>

1.      Plaintiff is an individual with a mobility disability that uses a wheelchair to ambulate.

2.      Plaintiff files her lawsuit against Defendant as Defendant discriminates against her based on disability by providing plaintiff with a lower quality of care than it provides to non-disabled patients.

3.      In this action, plaintiff seeks declaratory, injunctive and equitable relief, as well as monetary damages and attorney's fees, costs and expenses to redress defendant's unlawful disability discrimination against her, in violation of federal, state and local law.

4.      Defendant violates Title III of the Americans with Disabilities Act ("ADA") 42 U.S.C. §§ 12181 *et seq.* and its implementing regulations, Section 504 of the Rehabilitation Act ("Section 504") 29 U.S.C. § 794, *et seq*, the New York State Human Rights Law ("NYSHRL"),

Article 15 of the New York State Executive Law ("Executive Law"), the New York State Civil

Rights Law, § 40 *et seq* and the New York City Human Rights Law ("NYCHRL"), Title 8 of the

Administrative Code of the City of New York ("Administrative Code").

5.      As explained more fully below, defendant leases, operates and controls an

inaccessible medical practice facility that violates the above-mentioned laws.  Defendant is

vicariously liable for the acts and omissions of its employees and agents for the conduct alleged

herein.

6.      Full and equal access to medical care and treatment is critical for persons with

disabilities such as plaintiff.  Yet, based on disability, defendant provides plaintiff and other

persons with disabilities a lower quality of care than it provides to non-disabled patients.

7.      This unequal treatment of persons with disabilities, including plaintiff, occurs

because, among other things: clinicians and support staff are not provided the proper training and

support on interacting with and caring for persons with disabilities; adaptable, accessible

equipment is not available; patients using wheelchairs are examined while seated in their

wheelchairs when the non-disabled are examined on a table for the same medical conditions;

patients using wheelchairs are not accurately weighed**,** if weighed at all, failure to provide

assistance with transferring patients and/or failure to provide safe assistance with transferring

patients; patients using wheelchairs are not automatically provided with an accessible

examination room; and staff fail to reserve an accessible examination room for appointments

with patients using wheelchairs.

8.      Because Defendant treats her unequally based on disability, plaintiff is afraid for

her personal safety when treated by Defendant's staff and feels frustrated, humiliated and angry

that Defendant does not provide her with the same quality of medical care as it provides to the non-disabled.

9.      Defendant has failed to implement comprehensive policies, practices and procedures to make its facilities and services accessible to plaintiff.

10.     Defendant's failure to meet its legal obligations and remove barriers at its facility has resulted in a two-tiered system of health care that relegates people with disabilities to substandard and inferior treatment.

11.     Defendant's ongoing pattern of systemic discrimination denies plaintiff and other similarly disabled persons of their right to equal opportunity under federal, and state statutes, including the "full and equal enjoyment" guarantee of Title III of the Americans with Disabilities Act; and the "program access" requirement under Section 504 of the Rehabilitation Act.

12.     Defendant has and continues to subject Plaintiff to disparate treatment by denying Plaintiff full and equal opportunity to use its place of public accommodation all because Plaintiff is disabled.  See the U.S. Department of Justice publication entitled "Access To Medical Care For Individuals With Mobility Disabilities" available at http://www.ada.gov/medcare_mobility_ta/medcare_ta.htm.

13.     The day has come for defendant to accept responsibility.  This action seeks to right that wrong via recompensing plaintiff and making defendant's place of public accommodation and facility fully accessible so that plaintiff can finally enjoy the full and equal opportunity that defendant provides to non-disabled patients.

## JURISDICTION AND VENUE

14.     This Court has jurisdiction over this matter pursuant to 42 U.S.C. § 12188, 29

3

U.S.C. § 794, and 28 U.S.C. §§ 1331 and 1343 as this action involves federal questions regarding the deprivation of plaintiff's rights under the ADA and Section 504 of the Rehabilitation Act.  The Court has supplemental jurisdiction over plaintiff's related claims arising under the New York State and City laws pursuant to 28 U.S.C. § 1367(a).

15.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because defendant's acts of discrimination alleged herein occurred in this district and defendant's place of public accommodation and facility that is the subject of this action is in this district.

## PARTIES

16.     At all times relevant to this action, plaintiff Elizabeth Flint has been and remains currently a resident of the State and City of New York.

17.     At all times relevant to this action, plaintiff Elizabeth Flint has been and remains a wheelchair user.  Plaintiff suffers from medical conditions that inhibit walking and restrict body motion range and movement.

18.     Defendant NYU Langone Hospitals is licensed to do and does business in New York State.

19.     Cost is not a significant factor for defendant because its healthcare operations are lucrative.  Upon information and belief, for tax year 2018 defendant reported annual revenues exceeding Four Billion Dollars ($4,000,000,000) and net assets exceeding Three Billion Dollars ($3,000,000,000).

20.     Defendant NYU Langone Hospitals operates both inpatient and ambulatory acute care facilities throughout New York State, including New York City.

21.     This litigation concerns the defendant's medical practice facility and division known as NYU Langone Ambulatory Care West Side located at 355 West 52nd Street, New York County, New York (hereinafter referred to as the "NYU West Side Ambulatory practice").

22.     At all relevant times, defendant NYU Langone Hospitals operates, and leases property located at 355 West 52nd Street, New York County, New York (hereinafter referred to as "355 West 52nd Street").

23.     At all times relevant to this action, plaintiff Elizabeth Flint been a patient of NYU West Side Ambulatory practice and has received medical care at the NYU West Side Ambulatory practice.

24.     Because plaintiff is unable to independently stand, she cannot transfer onto the medical examination table or a clinical scale without assistance.

25.     Plaintiff therefore requires assistance to transfer to and from the medical examination table and to and from the clinical scale.

26.     Defendant does not provide any staff to assist plaintiff in transferring to and from the medical examination table or the clinical scale.

27.     Defendant has been asked by plaintiff to provide assistance to plaintiff in transferring to and from the medical examination table to no avail.

28.     Because defendant fails to provide assistance to plaintiff in transferring to and from the medical examination table and/or the clinical scale, the medical professionals at defendant's NYU West Side Ambulatory practice fail to accurately record her weight, and they also conduct examinations of plaintiff while she is in her chair.

29.     Upon information and belief, defendant performs medical examinations on the examination table for non-disabled patients receiving similar medical treatment to plaintiff.

30.     Upon information and belief, defendant weighs non-disabled patients receiving similar medical treatment to plaintiff.

31.     Despite knowing that plaintiff is disabled and requires an accessible examination room, defendant fails to reserve an accessible examination room for plaintiff's appointments.

32.     Defendant's inaccessibility and failure to accommodate plaintiff deters plaintiff from utilizing the NYU West Side Ambulatory practice.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

33.     The defendant is a public accommodation as it leases, controls or operates a facility and place of public accommodation, the NYU West Side Ambulatory practice located at 355 West 52nd Street, within the meaning of the ADA (42 U.S.C. § 12181 and 28 C.F.R. § 36.104), the NYSHRL (Executive Law (§ 292(9)) and the NYCHRL (Administrative Code § 8-102).

34.     The NYU West Side Ambulatory practice is a place of public accommodation within the meaning of the ADA (42 U.S.C. § 12181 and 28 C.F.R. § 36.104), the NYSHRL (Executive Law (§ 292(9)) and the NYCHRL (Administrative Code § 8-102) as the facility is operated by a private entity as a medical practice, and its operations affect commerce.

35.     Numerous architectural barriers exist at defendant's medical practice facility that prevent and/or restrict access to plaintiff, a person with a disability.

36.     Ineffective policies and procedures at defendant's medical practice facility for responding to the accommodation needs of patients with disabilities has denied plaintiff the goods, services, facilities, privileges, advantages and accommodations of defendant's medical practice facility.

37.     At some time after January 1992, defendant NYU Langone Hospitals made alterations to the NYU West Side Ambulatory practice.

38.     At some time after January 1992, defendant altered the primary function areas of the NYU West Side Ambulatory practice and 355 West 52nd Street that relate to the NYU West Side Ambulatory practice.

39.     Within the past three years of filing this action, Plaintiff visited and attempted to and desired to access the NYU West Side Ambulatory practice.

40.     The services, features, elements and spaces of defendant's facility are not readily accessible to, or usable by plaintiff as required by the 1991 ADA Standards for Accessible Design codified in 28 C.F.R. Part 36, Appendix D (hereinafter referred to as the "1991 Standards" or the "1991 ADA") or in the 2010 ADA Standards for Accessible Design codified in 36 CFR part 1191 Appendices B and D and 28 CFR part 36 subpart D  (hereinafter referred to as the "2010 Standards" or the "2010 ADA").

41.     Because of defendant's failure to comply with the above-mentioned laws, including but not limited to the 1991 Standards or the 2010 Standards and the Administrative Code, plaintiff was and has been unable to enjoy equal and complete access to defendant's place of public accommodation.

42.     Defendant's place of public accommodation has not been designed, constructed, or altered in compliance with the 1991 Standards or the 2010 Standards or the Administrative Code.

43.     The services, features, elements and spaces of defendant's facility are not readily accessible to, or usable by plaintiff as required by the Section 504 of the Rehabilitation Act as it

was not designed, constructed or altered in conformance with the Uniform Federal Accessibility Standards ("UFAS").

44.     Because of defendant's failure to comply with the above-mentioned laws, including but not limited to UFAS, plaintiff was and has been denied the benefits of defendant's facility.

45.     Upon information and belief, a full inspection of the defendant's place of public accommodation will reveal the existence of other barriers to access.

46.     Defendant's failure to make its place of public accommodation accessible denies plaintiff the opportunity to participate in or benefit from services or accommodations because of disability.

47.     Defendant has not satisfied its statutory obligation to ensure that its policies, practices, procedures for persons with disabilities are compliant with the laws.  Nor has defendant made or provided reasonable accommodations or modifications to plaintiff.

48.     The barriers to access within defendant's place of public accommodation continue to exist.

49.     Plaintiff would utilize the defendant's medical practice several times a year after it becomes fully accessible and compliant with the 1991 Standards or the 2010 Standards, UFAS and the Administrative Code.

**FIRST CAUSE OF ACTION**
**(VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT)**

50.     Plaintiff realleges and incorporates by reference all allegations set in this Complaint as if fully set forth herein.

51.     Plaintiff is substantially limited in the life activity of both walking and body motion range and thus has a disability within the meaning of the ADA.  As a direct and

proximate result of plaintiff's disability, plaintiff uses a wheelchair for mobility, and also has restricted use of arms and hands.

52.    Defendant has and continues to subject plaintiff to disparate treatment by denying plaintiff full and equal opportunity to use its place of public accommodation all because plaintiff is disabled.  Defendant's policies and practices have disparately impacted plaintiff as well.  See the U.S. Department of Justice publication entitled "Access To Medical Care For Individuals With Mobility Disabilities" available at http://www.ada.gov/medcare_mobility_ta/medcare_ta.htm.

53.    By failing to comply with the law in effect for decades, defendant has articulated to disabled persons such as the plaintiff that they are not welcome, objectionable and not desired as patrons of its public accommodation.

54.    Defendant has discriminated against plaintiff by failing to modify its policies, procedures, and practices in a reasonable manner, when such modifications are necessary to ensure equal access for individuals with physical disabilities. 42 U.S.C. § 12182 (b)(2)(A)(ii).

55.    Defendant has discriminated against plaintiff by providing goods, services, facilities, privileges, advantages, or accommodations that are different or separate from that provided to other individuals. 42 U.S.C. § 12182(b)(l)(A)(iii).

56.    Defendant has also discriminated against the plaintiff by altering a place of public accommodation that is not readily accessible to and usable by the disabled plaintiff and not fully compliant with the 1991 Standards or the 2010 Standards.  See 28 C.F.R. § 36.402(a)(1) and 42 U.S.C. §12183(a)(2).

57.     Defendant's place of public accommodation is not fully accessible and fails to provide an integrated and equal setting for the disabled, all in violation of 42 U.S.C. §12182(b)(1)(A) and 28 C.F.R. § 36.203.

58.     Upon making alterations to its public accommodation, defendant failed to make its place of public accommodation accessible to plaintiff to the maximum extent feasible in violation of 28 C.F.R. §§ 36.402 and 36.406.

59.     Upon making these alterations to the primary function areas, defendant failed to make the paths of travel to the primary function areas accessible to plaintiff, in violation of 28 C.F.R. § 36.403.

60.     Defendant failed to make all readily achievable accommodations and modifications to remove barriers to access in violation of 28 C.F.R. § 36.304.  It would be readily achievable to make defendant's place of public accommodation fully accessible.

61.     By failing to remove the barriers to access where it is readily achievable to do so, defendant has discriminated against plaintiff on the basis of disability in violation of § 302(a) and 302(b)(2)(A)(iv) of the ADA, 42 U.S.C. § 12182(a), (b)(2)(A)(iv), and 28 C.F.R. § 36.304.

62.     In the alternative, defendant has violated the ADA by failing to provide plaintiff with reasonable alternatives to barrier removal as required by 28 C.F.R. § 36.305.

63.     Defendant's failure to remove the barriers to access constitutes a pattern and practice of disability discrimination in violation of 42 U.S.C. § 12181 *et. seq.*, and 28 C.F.R § 36.101 *et. seq.*

64.     Defendant has and continues to discriminate against plaintiff in violation of the ADA.  Unless restrained from doing do so, defendant will continue to violate the law. And

through its conduct, defendant has caused and will continue to cause plaintiff immediate and

irreparable injury.

## SECOND CAUSE OF ACTION
### (Violations of the Section 504 of the Rehabilitation Act)

65.     Plaintiff realleges and incorporates by reference all allegations set in this

Complaint as if fully set forth herein.

66.     Section 504 of the Rehabilitation Act of 1973 (hereinafter also referred to as

"Section 504"), 29 U.S.C. § 794, and the regulations promulgated thereunder, prohibit

discrimination against people with disabilities by recipients of federal funding. Section 504

provides, in pertinent part, that:

> No otherwise qualified individual with a disability . . .
> shall, solely by reason of her or his disability, be excluded
> from the participation in, be denied the benefits of, or be
> subjected to discrimination under any program or activity
> receiving Federal financial assistance . . . .

67.     Section 504 defines "[p]rogram or activity" in part as "an entire corporation,

partnership, or other private organization, or an entire sole proprietorship . . . which is principally

engaged in the business of providing . . . health care." 29 U.S.C. § 794(b)(3)(A)(ii).

68.     Defendant has received federal financial assistance at all relevant times.

69.     Through the acts and omissions alleged herein, defendant has, solely because of

plaintiff's disabilities, excluded plaintiff from participation in defendant's programs and activities

and denied plaintiff the benefits of defendant's programs and activities, and subjected plaintiff to

discrimination in violation of 29 U.S.C. § 794, *et. seq.* and the regulations promulgated

thereunder.

70.     Defendant's acts and omissions described herein violate the equal access and nondiscrimination provisions of Section 504 and the regulations promulgated thereunder, and have resulted in injury to plaintiff.

71.     Defendant acted with deliberate indifference to plaintiff's rights guaranteed under Section 504.

72.     Defendant has had actual knowledge of the discrimination due to, among other things, the open and obvious nature of the discriminatory condition and deliberately decided not to address the discrimination and institute corrective measures.

73.     As a proximate result of defendant's violations of Section 504, plaintiff has been injured and continues to be injured, as set forth herein in an amount to be determined at trial.

## THIRD CAUSE OF ACTION
### (VIOLATION OF THE NEW YORK STATE EXECUTIVE LAW)

74.     Plaintiff realleges and incorporates by reference all allegations set forth in this Complaint as if fully set forth herein.

75.     Plaintiff suffers from various medical conditions that separately and together prevent the exercise of normal bodily functions in plaintiff; in particular, the life activities of both walking and body motion range.  Plaintiff therefore suffers from a disability within the meaning of the Executive Law § 292(21).

76.     In 2019, the New York State legislature enacted legislation that provides effective immediately that the New York State Human Rights Law shall be "construed liberally for the accomplishment of the remedial purposes thereof, regardless of whether federal civil rights laws, including those laws with provisions worded comparably to the provisions of this article, have been so construed". See Executive Law § 300 [effective date: August 12, 2019].

77.     By amending the Executive Law § 300 to mirror the text of the New York City Local Civil Rights Restoration Act of 2005 (Local Law 85 of 2005), the New York State legislature confirmed the legislative intent to abolish parallel construction between the New York State Human Rights Law and related Federal anti-discrimination laws.

78.     Defendant has and continues to subject plaintiff to disparate treatment by denying plaintiff equal opportunity and services to use its place of public accommodation all because plaintiff is disabled.

79.     Defendant discriminated against plaintiff in violation of NYSHRL (Executive Law § 296(2)), by maintaining and/or creating an inaccessible place of public accommodation. The defendant has aided and abetted others in committing disability discrimination.

80.     Defendant has failed to make all readily achievable accommodations and modifications to remove barriers to access in violation of NYSHRL (Executive Law § 296(2)(c)(iii)).

81.     In the alternative, defendant has failed to provide plaintiff with reasonable alternatives to barrier removal as required in violation of NYSHRL (Executive Law § 296(2)(c)(v)).

82.     It would be readily achievable to make defendant's place of public accommodation fully accessible.

83.     It would not impose an undue hardship or undue burden on defendant to make its place of public accommodation fully accessible.

84.     As a direct and proximate result of defendant's unlawful discrimination in violation of NYSHRL, plaintiff has suffered, and continues to suffer emotional distress, including but not limited to humiliation, embarrassment, stress, and anxiety.

85.     Plaintiff has suffered and will continue to suffer damages in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION
## (VIOLATIONS OF THE NEW YORK CITY HUMAN RIGHTS LAW)

86.     Plaintiff realleges and incorporates by reference all allegations set forth in this Complaint as if fully set forth herein.

87.     Plaintiff suffers from various medical conditions that separately and together, impair Plaintiff's bodily systems - in particular, the life activity of both walking and body motion range - and thus Plaintiff has a disability within the meaning of the NYCHRL (Administrative Code § 8-102).

88.     The Local Civil Rights Restoration Act of 2005 (the "Restoration Act"), also known as Local Law 85, clarified the scope of the Administrative Code in relation to the NYCHRL.  The Restoration Act confirmed the legislative intent to abolish "parallelism" between the NYCHRL and the Federal and New York State anti-discrimination laws by stating as follows:

> The provisions of this title shall be *construed liberally* for the accomplishment of the uniquely broad and remedial purposes thereof, regardless of whether federal or New York State civil and human rights laws, including those laws with provisions comparably-worded to provisions of this title, have been so construed.

Restoration Act § 7 amending Administrative Code §8-130 of the NYCHRL (emphasis added). The Restoration Act is to be construed broadly in favor of Plaintiff to the fullest extent possible. See also New York City Local Law 35 of 2016.

89.     Defendant has and continues to subject Plaintiff to disparate treatment and disparate impact by directly and indirectly refusing, withholding, and denying the accommodations, advantages, facilities, and privileges of its place of public accommodation all

because of disability in violation of the NYCHRL (Administrative Code § 8-107(4)).  Defendant

has aided and abetted others in committing disability discrimination.

90.     Defendant has and continues to commit disability discrimination in violation of

the NYCHRL (inclusive of Administrative Code § 8-107(4)) because of the violations of the

ADA, Section 504 and/or the ACA as alleged herein.

91.     Defendant has discriminated, and continues to discriminate, against Plaintiff in

violation of the NYCHRL (Administrative Code § 8-107(4)) by designing, creating and/or

maintaining an inaccessible commercial facility/space.

92.     Defendant has subjected, and continues to subject, Plaintiff to disparate treatment

by directly and indirectly refusing, withholding, and denying the accommodations, advantages,

facilities, and privileges of its commercial facility/space all because of disability in violation of

the NYCHRL (Administrative Code § 8-107(4)).

93.     Defendant's policies and procedures inclusive of the policies of refusing to

expend funds to design, create and/or maintain an accessible commercial facility/space is a

discriminatory practice in violation of NYCHRL (Administrative Code § 8-107 (4)).

94.     Defendant discriminated against Plaintiff in violation of the NYCHRL

(Administrative Code, § 8-107(4)) by maintaining and/or creating an inaccessible public

accommodation.

95.     Defendant's conduct also violates the NYCHRL, Administrative Code 8-107 (17),

which states that "an unlawful discriminatory practice . . . is established . . . [when plaintiff]

demonstrates that a policy or practice of a covered entity or a group of policies or practices of a

covered entity results in a disparate impact to the detriment of any group protected by the

provisions of this chapter."

15

96.     Because Defendant's public accommodation is not readily accessible and usable by people with disabilities, Defendant has demonstrated a policy or practice that has a disproportionately negative impact on the disabled (including plaintiff).

97.     Defendant's conduct constitutes an ongoing and continuous violation of the NYCHRL. Unless Defendant is enjoined from further violations, Plaintiff will continue to suffer injuries for which there is no adequate remedy at law. In particular, Plaintiff will suffer irreparable harm by being denied the accommodations, advantages, facilities, or privileges of the Defendant's public accommodation.

98.     As a direct and proximate result of Defendant's unlawful discrimination in violation of the NYCHRL, Plaintiff has suffered, and continues to suffer emotional distress, including but not limited to humiliation, stress, and embarrassment.

99.     Upon information and belief, Defendant's long-standing refusal to make its place of public accommodation fully accessible was deliberate, calculated, egregious, and undertaken with reckless disregard to Plaintiff's rights under the NYCHRL.

100.     By failing to comply with the law in effect for decades, Defendant has articulated to disabled persons such as the Plaintiff that they are not welcome, objectionable, and not desired as patrons of its public accommodation.

101.     Defendant engaged in discrimination with willful or wanton negligence, and/or recklessness, and/or a conscious disregard of the rights of others and/or conduct so reckless as to amount to such disregard for which Plaintiff is entitled to an award of punitive damages pursuant to NYCHRL (Administrative Code § 8-502).

102.     By refusing to make its place of public accommodation accessible, Defendant has unlawfully profited from its discriminatory conduct by collecting revenue from a non-compliant

space and pocketing the money that it should have lawfully expended to pay for a fully compliant and accessible space.  Defendant's unlawful profits plus interest must be disgorged.

103.    Plaintiff has suffered and will continue to suffer damages in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION
### (VIOLATIONS OF THE NEW YORK STATE CIVIL RIGHTS LAW)

104.    Plaintiff realleges and incorporates by this reference all allegations set in this Complaint as if fully set forth herein.

105.    Defendant discriminated against plaintiff pursuant to New York State Executive Law.

106.    Consequently, plaintiff is entitled to recover the penalty prescribed by Civil Rights Law §§ 40-c and 40-d for each and every barrier and violation.

107.    Notice of the defendant's violations and this action has been served upon the Attorney General as required by Civil Rights Law § 40-d.

## INJUNCTIVE RELIEF

108.    Plaintiff will continue to experience unlawful discrimination because of defendant's failure to comply with the above-mentioned laws.  Therefore, injunctive relief is necessary to order defendant to alter and modify its place of public accommodation and its operations, policies, practices and procedures.

109.    Injunctive relief is also necessary to make defendant's facilities readily accessible to and usable by plaintiff in accordance with the above-mentioned laws.

110.    Injunctive relief is further necessary to order defendant to provide auxiliary aids or services, modification of its policies, and/or provision of alternative methods, in accordance with the ADA, Section 504 of the Rehabilitation Act, NYSHRL and the NYCHRL

## DECLARATORY RELIEF

111.    Plaintiff is entitled to a declaratory judgment concerning each of the accessibility violations committed by defendant against plaintiff and as to required alterations and modifications to defendant's place of public accommodation, facilities, goods and services, and to defendant's policies, practices, and procedures.

## ATTORNEY'S FEES, EXPENSES AND COSTS

112.    In order to enforce plaintiff's rights against the defendant, plaintiff has retained counsel and is entitled to recover attorney's fees, expenses and costs pursuant to the ADA, Section 504 of the Rehabilitation Act, the NYSHRL and the NYCHRL.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims so triable.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully requests that the Court enter a judgment against the defendant in favor of plaintiff that contains the following relief:

A.    Enter declaratory judgment declaring that defendant has violated the ADA and its implementing regulations, Section 504 of the Rehabilitation Act, the NYSHRL and the NYCHRL and declaring the rights of plaintiff as to defendant's place of public accommodation, and defendant's policies, practices and procedures;

B.    Issue a permanent injunction ordering **defendant to close and cease all business** until defendant removes all violations of the ADA, the 1991 Standards or the 2010 Standards,

Section 504 of the Rehabilitation Act, the NYSHRL and the NYCHRL, including but not limited to the violations set forth above;

C.     Award to plaintiff Compensatory damages, plus pre-judgment interest, because of defendant's violations of Section 504 of the Rehabilitation Act, NYSHRL and the NYCHRL;

D.     Award Plaintiff punitive damages in order to punish and deter the Defendant for its violations of the NYCHRL;

E.     Award plaintiff monetary damages for each and every barrier and violation of the law pursuant to New York State Civil Rights Law §§ 40-c and 40-d;

F.     Award to plaintiff Punitive damages in order to punish and deter the defendant for its violations of the Section 504 of the Rehabilitation Act;

G.     Find that plaintiff is a prevailing party in this litigation and award reasonable attorney's fees, costs and expenses pursuant to ADA, Section 504 of the Rehabilitation Act, the NYSHRL and the NYCHRL;

H.     Retain jurisdiction over the defendant until the Court is satisfied that the defendant's unlawful practices, acts and omissions no longer exist and will not reoccur; and

I.     For such other and further relief, at law or in equity, to which plaintiff may be justly entitled.

Dated: June 22, 2022
        New York, New York

                                    Respectfully submitted,

                                    **PARKER HANSKI LLC**

                                    By:____/s_____
                                            Robert G. Hanski, Esq.
                                            Attorneys for Plaintiff
                                            40 Worth Street, 10th Floor
                                            New York, New York 10013
                                            Telephone: (212) 248-7400

Facsimile: (212) 248-5600
Email: rgh@parkerhanski.com